UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRACY AINSWORTH,** *as parent and natural Tutrix on behalf of the minor child Veronika Bumgarner, Individually and as Personal Representative of the Estate of Vernon Bumgarner, Deceased* | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0688** |
| **CAILLOU ISLAND TOWING COMPANY, INC., et al.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court is Defendants Caillou Towing Company, Inc., Monteiro Fleet, Inc., and Monteiro Marine Service, Inc.'s (collectively, "Defendants") Rule 12(c) Motion for Partial Judgment on the Pleadings,[1] wherein Defendants move this Court to strike Plaintiff Tracy Ainsworth's ("Plaintiff") request for allegedly unrecoverable damages. After considering the pending motion, the memorandum in support, the opposition, the record, and the applicable law, the Court will grant the pending motion.

## I. Background

### A. Factual Background

Plaintiff is the parent and natural tutrix of Veronika Bumgarner.[2] Veronika Bumgarner is the surviving daughter of decedent Vernon Bumgarner.[3] Plaintiff claims that at all relevant times, Defendants owned, operated and/or crewed the *Augusta*, a vessel involved in the incident that is the basis of this suit.[4] Vernon Bumgarner was a member of the crew of the *Augusta*, when on March 12,

---

[1] Rec. Doc. 9.

[2] Rec. Doc. 2 at ¶ 1.

[3] *Id.* at ¶ 2.

[4] *Id.* at ¶ 9.

2013, "a rope in the tow of the vessel broke or unexpectedly released, causing him to be thrown into the water, sustaining injury and subsequently drowning."[5]

## B. Procedural Background

Plaintiff filed the complaint in this matter on April 10, 2013, bringing wrongful death and survival claims.[6] Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1333, as this suit involves admiralty and maritime jurisdiction.[7] Plaintiff alleges that Vernon Bumgarner "suffered extensive pre-death pain and suffering when the Captain negligently kept engines in gear thereby sucking the Decedent into the vessel[']s prop wash."[8] Plaintiff also claims that Vernon Bumgarner's injuries and death were caused by the negligence and/or gross negligence of Defendants and the unseaworthiness of the vessel, and is actionable under the Jones Act.[9] Specifically, Plaintiff requests:

> (a) general damages for the minor for loss of care, comfort, support, society and companionship arising out of the wrongful death of her father, Decedent Vernon Bumgarner;
> (b) special damages for the loss of support for the Minor, occasioned by the wrongful death of her father, Decedent Vernon Bumgarner;
> (c) special damages for wearing apparel, jewelry, and other personal property, and funeral and burial expenses of Decedent Vernon Bumgarner;
> (d) general damages and special damages for the personal injury of Decedent Vernon Bumgarner which occasioned his death, for his awareness and fear of impending doom, and pre-death pain and suffering; and
> (e) special damages for the destroyed earning capacity, and net loss to the estate of Decedent Vernon Bumgarner, occasioned by his premature death in excess of any support loss recovered by the Minor as requested above.[10]

---

[5] *Id.* at ¶¶ 10-11.

[6] *Id.* at ¶ 1.

[7] *Id.* at ¶ 7.

[8] *Id.* at ¶ 11.

[9] *Id.* at ¶ 12.

[10] *Id.* at ¶ 15.

In addition, Plaintiff claims that Veronika Bumgarner:

> has now lost her father, and is entitled to recover from Defendants damages for the irreplaceable loss of the minor's father, including, but not limited to, loss of love and affection, mental pain, anguish, and suffering, loss of companionship, loss of society, loss of future parental support, loss of consortium, loss of his services, training, nurturing and guidance, as well as reasonable funeral and burial expenses, and all other general and equitable relief for the wrongful death of her father.[11]

On May 21, 2013, Defendants filed the pending motion for partial judgment on the pleadings.[12] On May 28, 2013, Plaintiff filed an opposition.[13]

## **II. Parties' Arguments**

In support of the pending motion, Defendants argue that "Congress, in passing the Jones Act, limited the allowable damages recoverable in a Jones Act wrongful death and survival claim."[14] Specifically, Defendants contend that in a Jones Act wrongful death suit, as a matter of law, the estate is entitled to burial expenses and a survival claim, and that a Jones Act seaman's survivors are entitled to "pecuniary damages and no more."[15] Defendants aver that this finding is mandated by the United States Supreme Court's decision in *Miles v. Apex Marine*.[16] Therefore, Defendants request that Plaintiff's request for loss of society damages for Veronika Bumgarner, loss of future income for Vernon Bumgarner, and punitive damages be stricken.[17]

---

[11] *Id.* at ¶ 16.

[12] Rec. Doc. 9.

[13] Rec. Doc. 13.

[14] Rec. Doc. 9-1 at p. 3.

[15] *Id.* at p. 4.

[16] 498 U.S. 19 (1990).

[17] *Id.* at p. 5.

Additionally, Defendants note that while Plaintiff "does not specifically request punitive damages among her claimed damages, there is a reference to punitive damages in the prayer of the Complaint."[18] Defendants contend that many other courts, including this one, have held that punitive damages are disallowed in this context.[19]

Next, Defendants contend that Plaintiff is not entitled to greater remedies against a third party:

> Caillou Island anticipates Ms. Ainsworth will argue that Captain Bumgarner was employed by Caillou Island Towing Company, Inc., but he worked on a vessel owned and operated by Monteiro Fleet, Inc. Therefore, Ms. Ainsworth may argue, she is not bringing a Jones Act claim against Monteiro Fleet, she is bringing a general maritime law claim and she is entitled to greater recovery.[20]

However, Defendants maintain that Plaintiff is "entitled to no greater remedy against Monteiro Fleet than she is against Cailliou [sic] Island."[21]

Defendants note that "[s]ome parties have argued in some contexts that," *Atlantic Sounding Co. v. Townsend*,[22] "the Supreme Court's decision allowing punitive damages for willful and wanton denial of maintenance and cure, overrules or profoundly curtails *Miles v. Apex*."[23] Defendants argue that lower courts have held that even after *Townsend*, *Miles* still operates to bar punitive damages

---

[18] *Id.* at p. 6.

[19] *Id.* (citing *Snyder v. L & M Botruc Rental, Inc.*, – F.Supp. 2d –, 2013 WL 594089, at *4 (E.D. La. Feb. 15, 2013) ("[A] seaman [is] statutorily barred under the Jones Act from receiving punitive damage awards.").

[20] *Id.*

[21] *Id.* (citing *Scarborough v. Clemco Indus.*, 391 F.3d 667-69 (5th Cir. 2004)).

[22] 557 U.S. 404 (2009).

[23] Rec. Doc. 9-1 at p. 7.

4

and other non-pecuniary damages in general maritime wrongful death claims.[24] Defendants further note that this Court, and other sections of this Court, have all held that *Miles* remains good law after *Townsend*, preventing punitive damages in a Jones Act wrongful death/survival action.[25]

In opposition to the pending motion, Plaintiff emphasizes that "the death of Vernon Bumgarner occurred in state territorial waters, and not the high seas."[26] Plaintiff further opines that while no discovery has commenced, "there is evidence to support the contention that the death occurred on the Mississippi River, near Desoto County, Mississippi, in the state's northwest corner."[27]

Plaintiff further notes that in addition to bringing a Jones Act claim, she has also alleged claims pursuant to general maritime law.[28] Plaintiff claims that the Jones Act "created a statutory cause of action for negligence, but did not eliminate pre-existing remedies available to seamen."[29] In addition, Plaintiff highlights that in *Chandris, Inc. v. Latsis*,[30] the United States Supreme Court observed that "the Jones Act preserves common law remedies such as maintenance and cure."[31]

---

[24] *Id.* (citing *Hackensmith v. Port of Steamship Holding Co.*, No. 12-CV-786-JPS, 2013 WL 1451703, at *5 (E.D. Wisc. Apr. 9, 2013)).

[25] *Id.* at pp. 7-8, nn. 10-12 (citing *Snyder*, 2013 WL 594089 at *5 (Brown, J.); *In re Maryland Marine, Inc.*, 641 F.Supp. 2d 584 (E.D. La. 2009) (Berrigan, J.); *Crescent Towing & Salvage Co. v. M/V BELO HORIZONTE*, No. 08-1544, 2009 WL 5171792, at * 2, n. 4 (E.D. La. Dec. 21, 2009) (Engelhardt, J.); *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, MDL No. 2179, 2011 WL 4575696, at *11 (E.D. La. Oct. 4, 2011) (Barbier, J.)).

[26] Rec. Doc. 13 at p. 2.

[27] *Id.*

[28] *Id.*

[29] *Id.* (citing *Townsend*, 557 U.S. at 415-16).

[30] 515 U.S. 347 (1995).

[31] *Id.* at 354.

5

Next, Plaintiff argues that the United States Supreme Court in *Moragne v. States Marine Lines, Inc.*,[32] created the general maritime law wrongful death action, and since *Moragne*, district courts have allowed non-pecuniary losses, such as loss of society, in wrongful death actions.[33] Plaintiff also cites *Landry v. Two R. Drilling Co.*,[34] where the Fifth Circuit found that the widow and children of a seaman who fell from an oil-drilling barge and drowned in territorial waters to be entitled to "seek pecuniary damages under [the] Jones Act and non-pecuniary damages under the general maritime claim of unseaworthiness."[35] Finally, Plaintiff argues that "[p]unitive damages *should be available* when a shipowner has willfully violated the duty to furnish and maintain a seaworthy vessel," but provides no authority that this is the law.[36] Further, Plaintiff cites to several sections of this Court that "have concluded that punitive damages are recoverable under a general maritime law survival action."[37] Moreover, Plaintiff asserts that "[t]he Court cannot conclude at this stage, in which the Court is limited to the pleadings, that the Plaintiff is precluded from asserting a claim for punitive damages in connection with her general maritime claims."[38]

---

[32] 398 U.S. 375 (1970).

[33] Rec. Doc. 13 at pp. 3-4 (citing *In re Sincere Navigation Corp.*, 329 F.Supp. 652 (E.D. La. 1971)).

[34] 511 F.2d 138 (5th Cir. 1975).

[35] Rec. Doc. 13 at p. 4.

[36] *Id.* at p. 5 (emphasis added).

[37] *Id.* (citing *Logue v. Tidewater, Inc.*, No. 91-1109, 1992 WL 59409 (E.D. La. Mar. 17, 1992) (Wicker, J.); *Parr v. Nolty J. Theriot, Inc.*, No. 98-3295, 1990 WL 66380, at * 3 (E.D. La. May 16, 1990) (Heebe, J.)).

[38] *Id.* at p. 6 (citing *Rogers v. Resolve Marine*, No. 09-4141, 2009 WL 2984199, at *1 (E.D. La. Sept. 11, 2009) (Barbier, J.)). Plaintiff claims that the in *Rogers* the Court "allow[ed] plaintiff to assert a claim for punitive damages in light of the unsettled nature of this issue." *See id.*

### III. Standard on a Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." "A motion brought pursuant to Fed.R.Civ.P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[39] The standard for dismissal under Rule 12(c) is the same as for dismissal for failure to state a claim under Rule 12(b)(6).[40]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[41] "Factual allegations must be enough to raise a right to relief above the speculative level,"[42] and a claim is facially plausible when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[43]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[44] However, although required to accept all "well-pleaded facts" as true, the court is not required to accept legal conclusions as true.[45] "While legal conclusions can

---

[39] *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

[40] *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

[41] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[42] *Twombly*, 550 U.S. at 556.

[43] *Id.* at 570.

[44] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007).

[45] *Iqbal*, 556 U.S. 662, 677-78.

provide the framework of a complaint, they must be supported by factual allegations. If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[46]

## IV. Law and Analysis

A seaman may bring suit under the Jones Act only against his employers.[47] Here, Plaintiff has alleged that he was employed by all the Defendants, and therefore brings a Jones Act claim against them.[48] Plaintiff also brings claims pursuant to the general maritime law, which can be applied to non-employer third parties.[49]

### *A. Wrongful Death Action*

"[A] wrongful death action allows the decedent's dependents to pursue only those claims for personal injuries they have suffered as a result of a wrongful death."[50] Defendants have requested that this Court strike Plaintiff's request for non-pecuniary damages, such as loss of society. In *Miles*, the Supreme Court directly addressed the availability of these damages in the context of a wrongful death action. In discussing the Death on the High Seas Act ("DOHSA") the Supreme Court stated that:

---

[46] *Moore v. Metropolitan Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir. 2007)).

[47] *Scarborough v. Clemco Indus.*, 391 F.3d 660, 668-69 (5th Cir. 2004).

[48] Rec. Doc. 2 at ¶¶ 10, 13.

[49] *Id.* at ¶ 7.

[50] *Rohan for Rohan v. Exxon Corp.*, 896 F.Supp. 666, 671 (S.D. Tex. 1995) (citing *Miles v. Melrose*, 882 F.2d 976, 985 (5th Cir. 1989), *aff'd*, 498 U.S. 19; *see also Azzopardi v. Ocean Drilling &Exp. Co.*, 742 F.2d 890, 893 (5th Cir. 1984).

> We considered DOHSA in *Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978). That case involved death on the high seas and, like *Gaudet*, presented the question of loss of society damages in a maritime wrongful death action. The Court began by recognizing that *Gaudet*, although broadly written, applied only in territorial waters and therefore did not decide the precise question presented. 436 U.S., at 622–623, 98 S.Ct., at 2013–2014. Congress made the decision for us. DOHSA, by its terms, limits recoverable damages in wrongful death suits to "pecuniary loss sustained by the persons for whose benefit the suit is brought." 46 U.S.C.App. § 762 (emphasis added). ***This explicit limitation forecloses recovery for non-pecuniary loss, such as loss of society, in a general maritime action.***[51]

The Supreme Court further explained that:

> When Congress passed the Jones Act, the *Vreeland* gloss on FELA, and the hoary tradition behind it, were well established. Incorporating FELA unaltered into the Jones Act, Congress must have intended to incorporate the pecuniary limitation on damages as well. We assume that Congress is aware of existing law when it passes legislation. *See Cannon v. University of Chicago*, 441 U.S. 677, 696–697, 99 S.Ct. 1946, 1957, 60 L.Ed.2d 560 (1979). ***There is no recovery for loss of society in a Jones Act wrongful death action.*** ... The Jones Act applies when a seaman has been killed as a result of negligence, and it limits recovery to pecuniary loss.[52]

Furthermore, in *Scarborough v. Clemco Industries*,[53] the Fifth Circuit, applying *Miles*, determined that a seaman's survivors could not recover non-pecuniary damages against a non-employer third party in a maritime wrongful death action.[54] Therefore, under either the Jones Act or the general maritime law, Plaintiff may not recover non-pecuniary losses in her wrongful death action.

While not articulated clearly, Plaintiff has emphasized that "the death of Vernon Bumgarner occurred in state territorial waters, and not on the high seas."[55] Therefore, it appears that Plaintiff is arguing that the above-quoted language from *Miles* is inapplicable to this case, and that she may

---

[51] 498 U.S. at 31 (emphasis added).

[52] *Id.* at 32 (emphasis added).

[53] 391 F.3d 660 (5th Cir. 2004).

[54] *id.* at 666-67.

[55] Rec. Doc. 13 at p. 2.

9

recover such damages in her general maritime action. However, the *Miles* court also addressed the availability of loss of society damages and other non-pecuniary damages when the death occurred in territorial waters, and explicitly rejected Plaintiff's position:

> We must conclude that there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman ... Our decision also remedies an anomaly we created in *Higginbotham*. Respondents in that case warned that the elimination of loss of society damages for wrongful deaths on the high seas would create an unwarranted inconsistency between deaths in territorial waters, where loss of society was available under *Gaudet*, and deaths on the high seas. We recognized the value of uniformity, but concluded that a concern for consistency could not override the statute. *Higginbotham*, *supra*, 436 U.S., at 624, 98 S.Ct., at 2014. ***Today we restore a uniform rule applicable to all actions for the wrongful death of a seaman, whether under DOHSA, the Jones Act, or general maritime law.***[56]

Plaintiff ignores the straightforward language of *Miles*, and the cases she cites in support of her claim that she is entitled to an award of non-pecuniary damages under the Jones Act and general maritime law pre-date *Miles*.[57] *Miles* was explicit that only pecuniary loss is available in wrongful death actions, and non-pecuniary losses, such as loss of society, are not available.

## *B. Survival Action*

"In a survival action, of course, a decedent's estate may recover damages on behalf of the decedent for injuries that the decedent has sustained."[58]

<u>1. Loss of Future Income/Earnings</u>

Plaintiff also seeks special damages for "the destroyed earning capacity, and net loss to the estate of Decedent Vernon Bumgarner, occasioned by his premature death."[59] The *Miles* court also

---

[56] *Id.* (emphasis added).

[57] *See* Rec. Doc. 13 at p. 4; *see also supra* note n. 33.

[58] *Rohan for Rohan*, 896 F.Supp. at 671(S.D. Tex. 1995) (citing *Miles*, 882 F.2d at 985).

[59] Rec. Doc. 2 at ¶ 15(e).

addressed this question: "We next must decide whether, in a general maritime action surviving the death of a seaman, the estate can recover decedent's lost future earnings. Under traditional maritime law, as under common law, there is no right of survival; a seaman's personal cause of action does not survive the seaman's death."[60] In determining "whether the income a decedent would have earned but for his death is recoverable," the Supreme Court "h[e]ld that it is not."[61] The Supreme Court reasoned:

> Recovery of lost future income in a survival suit will, in many instances, be duplicative of recovery by dependents for loss of support in a wrongful death action; the support dependents lose as a result of a seaman's death would have come from the seaman's future earnings. Perhaps for this reason, there is little legislative support for such recovery in survival. In only a few States can an estate recover in a survival action for income decedent would have received but for death. At the federal level, DOHSA contains no survival provision. The Jones Act incorporates FELA's survival provision, but, as in most States, recovery is limited to losses suffered during the decedent's lifetime.[62]

Therefore, the Supreme Court has made clear that a dependant, such as Plaintiff, can recover for loss of support in her wrongful death action, but may not recover for a loss of the decedent's future earnings in her survival action.

The Supreme Court further explained that "[t]he Jones Act/FELA survival provision limits recovery to losses suffered during a decedent's lifetime... Congress has limited the survival right for seamen's injuries resulting from negligence. As with loss of society in wrongful death actions, this forecloses more expansive remedies in a general maritime action founded on strict liability... Because [an] estate cannot recover for [the decedent's] lost future income under the Jones Act, it

---

[60] 481 U.S. at 33.

[61] *Id.* at 35.

[62] *Id.*

11

cannot do so under general maritime law."[63] Based on this binding precedent from the Supreme Court, Plaintiff cannot recover loss of future income in her survival action.

## C. Punitive Damages

In a recent decision addressing the availability of punitive damages in negligence and unseaworthiness claims, this Court noted:

> Some decisions from this District have interpreted *Miles* to allow for the possibility that punitive damages may be available under general maritime law for unseaworthiness or negligence. In contrast, other decisions have emphasized the policy of uniformity of damages articulated in *Miles* in areas where Congress has enacted legislation, and declined to allow punitive damages claims for unseaworthiness or negligence to proceed. It is evident that a serious split of authority exists on this issue, which has yet to be resolved by the Fifth Circuit or the Supreme Court. Nonetheless, this Court is persuaded by the reasoning articulated in *Anderson v. Texaco*,[797 F.Supp. 531 (E.D. La. 1992),] that a seaman statutorily barred under the Jones Act from receiving punitive damage awards "cannot recover punitive damages by couching his claim in the judge-made law of negligence and unseaworthiness." The doctrinal underpinnings of *Miles* support such a conclusion. Congress, by enacting the Jones Act, has restricted the availability of punitive damages for negligence and unseaworthiness claims for seamen.[64]

A Jones Act seaman is not entitled to punitive damages. Therefore, the Jones Act seaman's survivors may not receive punitive damages once they inherit the seaman's survival action for the injuries the decedent suffered, whether they sue under the Jones Act or general maritime law.

Furthermore, as discussed above, dependants bringing a wrongful death action are only entitled to pecuniary damages.[65] While neither the Supreme Court nor Fifth Circuit has addressed this issue, the district courts within this Circuit that have interpreted *Miles* and *Townsend* have held "that punitive damages are non-pecuniary in nature and, therefore, they are not recoverable under

---

[63] *Id.* at 36.

[64] *Snyder*, No. 12-0097 at *5 (internal citations omitted).

[65] *See supra* Part IV.A.

12

the Jones Act."[66] In *Scarborough*, the Fifth Circuit extended this principle, and held that a Jones Act seaman's survivors suing a non-employer third party under the general maritime law were likewise limited to the remedies available under the Jones Act (i.e. pecuniary damages).[67] Therefore, Plaintiff is not entitled to punitive damages for either her survival or wrongful death actions, whether brought under the Jones Act or general maritime law.

### V. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants' Rule 12(c) Motion for Partial Judgment on the Pleadings[68] is **GRANTED** and Plaintiff's request for lost future earnings, loss of society damages, and punitive damages are **STRICKEN** from the complaint, as they are not recoverable here.

**NEW ORLEANS, LOUISIANA**, this 24th day of June, 2013.

                                                     **NANNETTE JOLIVETTE BROWN**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[66] *McBride v. Estis Well Serv.*, 872 F.Supp. 2d 511, 515 (W.D. La. 2012); *see also See, e.g., Seaman v. Seacor Marine LLC,* No. 07–3354, 2008 WL 360783, at *2 (E.D. La. Jan. 17, 2008) ("In this circuit, punitive damages are classified as non-pecuniary in nature.... Therefore, as a Jones Act seaman Plaintiff cannot recover them."); *Anderson*, 797 F.Supp.. at 534 ("[T]he post-Miles district court cases, in this district and in others, speak with one voice in concluding that punitive damages are non-pecuniary and, therefore, are not recoverable under Miles's interpretation of the Jones Act.").

[67] 391 F.3d at 666-67.

[68] Rec. Doc. 9.