## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRACY AINSWORTH,** *as parent and natural Tutrix on behalf of the minor child Veronika Bumgarner, Individually and as Personal Representative of the Estate of Vernon Bumgarner, Deceased* | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0688** |
| **CAILLOU ISLAND TOWING COMPANY, INC., et al.** | **SECTION: "G"(2)** |

## ORDER AND REASONS

Before the Court is Plaintiff Tracy Ainsworth's ("Plaintiff") "Unopposed Motion for Reconsideration of Defendants' Rule 12(c) Motion for Partial Judgment on the Pleadings."[1] After considering the pending motion, the memorandum in support, the record, and the applicable law, the Court will grant the pending motion.

## I. Background

### A. Factual Background

Plaintiff is the parent and natural tutrix of Veronika Bumgarner, and the personal representative of the estate of Veron Bumgarner ("Decedent").[2] Veronika Bumgarner is the surviving daughter of Decedent.[3] Plaintiff claims that at all relevant times, Defendants owned, operated and/or crewed the *Augusta*, a vessel involved in the incident that is the basis of this suit.[4] Vernon Bumgarner was employed by Defendants as a member of the crew of the *Augusta*.[5]

---

[1]  Rec. Doc. 33.

[2]  Rec. Doc. 23. at ¶ 1.

[3]  *Id.* at  ¶ 2.

[4]  *Id.* at  ¶ 9.

[5]  *Id.* at ¶ 10.

On or about January 16, 2013, Decedent and other members of the crew were attempting to change the lights on barge being towed by the *Augusta*.[6] After Decedent transferred from the *Augusta* to the barge, "the captain of the *Augusta* steered the vessel in such a manner that the tow line between the tow boat and barge suddenly tightened and jerked the barge, causing [Decedent] to fall from the barge into the Mississippi River."[7] Decedent subsequently drowned, not to be found until March 12, 2013.[8]

### B. Procedural Background

On April 10, 2013, Plaintiff filed a complaint alleging that (1) Decedent's injuries and death were caused by the negligence of Defendant, pursuant to the Jones Act,[9] and (2) Decedent's injuries and death were caused by the Defendant's breach of its duty to furnish a seaworthy vessel, pursuant to general maritime law.[10] Plaintiff sought loss-of-society damages and lost-future-income damages.[11] Her prayer for relief also included a request for punitive damages.[12]

On May 21, 2013, Defendants filed a Rule 12(c) Motion for Partial Judgment on the Pleadings, asserting that Plaintiff was not entitled to loss-of-society damages, lost-future-income damages, and punitive damages.[13] In her opposition, Plaintiff contended that she was entitled to

---

[6] *Id.* at ¶ 11.

[7] *Id.*

[8] *Id.*

[9] Rec. Doc. 2 at ¶ 13.

[10] Rec. Doc. 2 at ¶ 14.

[11] *Id.* at ¶ 15.

[12] *Id.* at ¶ 17.

[13] Rec. Doc. 9 at p. 1

punitive damages, arguing that under general maritime law, punitive damages "may be recovered when a wrongdoer has acted willfully and with gross disregard for the plaintiff's rights."[14]

On June 24, 2013, the Court granted Defendants' Rule 12(c) Motion.[15] In its Order and Reasons, the Court explained that although neither the Supreme Court nor the Fifth Circuit had directly addressed the issue of punitive damages, other district courts within this Circuit had interpreted *Miles v. Apex Marine Corp.*[16] and *Atlantic Sounding Co., Inc. v. Townsend*[17] as precluding punitive damages. Thus, the Court found: "A Jones Act seaman is not entitled to punitive damages. Therefore, the Jones Act seaman's survivors may not receive punitive damages once they inherit the seaman's survival action for the injuries the decedent suffered, whether they sue under the Jones Act or general maritime law."[18] The Court also ruled that Plaintiff could not recover loss-of-society damages,[19] or loss-of-future-income damages.[20]

Following the Court's Order, Plaintiff filed an amended complaint, removing the request for punitive damages, on July 23, 2013.[21]

---

[14]   Rec. Doc. 13 at p. 5.

[15]   Rec. Doc. 17.

[16]   *Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990).

[17]   *Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404 (2009).

[18]   *Id.* at p. 12.

[19]   *Id.* at p. 10.

[20]   *Id.* at p. 11.

[21]   Rec. Doc. 23.

On October 4, 2013, Plaintiff filed the pending "Unopposed Motion for Reconsideration of Defendants' Rule 12(c) Motion for Partial Judgment on the Pleadings,"[22] wherein she moves the Court to reconsider and vacate its Order dismissing Plaintiff's claims for punitive damages.

## II. Parties' Arguments

Plaintiff contends that "[t]he Court should grant Plaintiff's Motion because there has been an intervening change in the substantive law on which the Court's decision is based."[23] Plaintiff avers that in its Order granting Defendant's 12(c) Motion to Dismiss, "the Court found that '[w]hile neither the Supreme Court nor the Fifth Circuit has addressed this issue [punitive damages], the district courts within this Circuit that have interpreted *Miles* and *Townsend* have held 'that punitive damages are non-pecuniary in nature and, therefore they are not recoverable under the Jones Act.'"[24] Plaintiff maintains that "[t]he Fifth Circuit has now weighed in on the issue of punitive damages post-*Townsend*" with its decision in *McBride v. Estis Well Service, L.L.C*, issued October 2, 2013.[25] According to Plaintiff, *McBride* held that "seaman may recover punitive damages for their employer's willful and wanton breach of the general maritime law duty to provide a seaworthy vessel."[26]

Defendants do not oppose the pending motion.[27]

---

[22] Rec. Doc. 33.

[23] Rec. Doc. 33-1 at p. 2.

[24] Rec. Doc. 33-1 at p. 4.

[25] *Id.* at p. 4.

[26] *Id.* at p. 2.

[27] *See Rec*. Doc. 33-2.

4

## III. Law and Analysis

### A. Standard on a Motion for Reconsideration

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[28] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[29]  When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[30]

Under Rule 54(b), the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient"[31] However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.[32]

The general practice of courts in the Eastern District of Louisiana has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e)

---

[28]  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[29]  *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[30]  Fed. R. Civ. Pro. R. 54(b)

[31]  *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

[32]  *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993); 18B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478.1 (2d ed. 2002)

motions to alter or amend a final judgment.[33] Such a motion "calls into question the correctness of a judgment,"[34] and courts have considerable discretion in deciding whether to grant such a motion.[35] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[36]  Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

(1)     the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2)     the movant presents newly discovered or previously unavailable evidence;

(3)     the motion is necessary in order to prevent manifest injustice; or

(4)     the motion is justified by an intervening change in controlling law.[37]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[38]  Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[39]  "It is well

---

[33] See, e.g., *Castrillo*, 2010 WL 1424398, at *3; *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.).

[34] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[35] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[36] *Id.* at 355-56.

[37] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[38] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[39] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[40]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[41] and the motion must "clearly establish" that reconsideration is warranted.[42] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[43]

### B. Analysis

Addressing the grounds for reconsideration outlined above, Plainitff contends that the pending motion for reconsideration is justified by an intervening change in controlling law. Specifically, Plaintiff points to the Fifth Circuit's recent decision in *McBride v. Estis Well Service, L.L.C.*[44]

*McBride* addressed a set of facts similar to those in the pending matter. In *McBride*, Skye Sonnier was fatally pinned between a derrick and mud tank while working as a crew member aboard Estis Rig 23 in Baoyou Sorrell, a navigable waterway in Iberville Parish, Louisiana.[45] Haleigh McBride, individually, on behalf of Sonnier's minor child, and as administratrix of Sonnier's estate, filed suit against the rig's owner and operator, Estis Well Service, L.L.C., stating causes of action

---

[40] *Helena Labs Corp. v. Alpha Scientific Corp.*, 483 F. Supp. 2d 538, 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[41] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (citation omitted).

[42] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[43] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002); *see also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[44] No. 12-30714, 2013 WL 5474616 (5th Cir. Oct. 2, 2013).

[45] *Id.* at *1.

for unseaworthiness under general maritime law and negligence under the Jones Act and seeking compensatory as well as "punitive and/or exemplary" damages.[46] Estis moved to dismiss the claims for punitive damages, arguing that punitive damages were not an available remedy for unseaworthiness or Jones Act negligence as a matter of law.[47] The District Court entered judgment dismissing all claims for punitive damages.[48] Recognizing that the issues presented were "the subject of national debate with no clear consensus," the District Court granted plaintiffs' motion to certify the judgment for immediate appeal under 28 U.S.C. § 1292(b), and McBride's interlocutory appeal followed.[49]

In *McBride,* the Fifth examined the jurisprudential history that developed after its 1981 conclusion in *Complaint of Merry Shipping* that "punitive damages may be recovered under general maritime law upon a showing of willful and wanton misconduct by a ship owner who creates or maintains unseaworthy conditions."[50] *Merry Shipping* came under attack first with the Supreme Court's 1990 decision *in Miles v. Apex Marine Corp.*, in which the Court held that the pecuniary damages limitations under the Jones Act limited the damages recoverable by the seaman's estate for wrongful death caused by unseaworthiness.[51] Though the recoverability of punitive damages was not up for decision in *Miles*, the Fifth Circuit in *Guevara v. Maritime Overseas Corp.* concluded that *Miles* had "effectively overruled" *Merry Shipping*.[52] But fourteen years later, the Supreme Court, in *Atlantic Sounding Co., Inc. v. Townsend*, "explicitly abrogated *Guevara* and restored the

---

[46] *Id.*

[47] *Id.*

[48] *Id.*

[49] *Id.*

[50] *Id.* at *2 (quoting *Complaint of Merry Shipping, Inc.*, 650 F.2d 622, 623 (5th Cir. 1981)).

[51] See *id.* at * 3 (citing *Miles*, 498 U.S. at 31-33).

[52] *Id.* *4 (citing 59 F.3d 1496, 1513 (5th Cir. 1995) (en banc)).

availability of punitive damages for maintenance and cure claims under general maritime law."[53] The Supreme Court reasoned that "punitive damages have long been an accepted remedy under general maritime law," including for egregious maintenance and cure violations, and concluded, contrary to Guevara, that "nothing in the Jones Act altered this understanding."[54]

In light of these developments, the Fifth Circuit explained that *Townsend* established a straightforward rule going forward: "if a general maritime law cause of action and remedy were established before the passage of the Jones Act, and the Jones Act did not address that cause of action or remedy, then that remedy remains available under that cause of action unless and until Congress intercedes."[55] Applying this principle, the Fifth Circuit held:

> Like maintenance and cure, unseaworthiness was established as a general maritime claim before the passage of the Jones Act, punitive damages were available under general maritime law, and the Jones Act does not address unseaworthiness or limit its remedies. We conclude, therefore, that punitive damages remain available to seamen as a remedy for the general maritime law claim of unseaworthiness.[56]

Like the plaintiff in *McBride*, Plaintiff here asserts a general maritime law claim for unseaworthiness. The Fifth Circuit has now clarified that "punitive damages remain available to seamen as a remedy for the general maritime law claim of unseaworthiness."[57] As required by the standards applicable to Rule 54(b), Plaintiff's Motion for Reconsideration is justified by an intervening change in controlling law. Furthermore, it serves a narrow purpose, and does not re-urge matters that Plaintiff already advanced it is original opposition. Based on the Fifth Circuits recent guidance in *McBride*, Plaintiff will be allowed to include punitive damages in her prayer for relief.

---

[53] *Id.* (citing *Townsend*, 557 U.S. at 424).

[54] *Id.* (quoting *Townsend*, 557 U.S. at 424).

[55] *Id.* at *7.

[56] *Id.* at *9.

[57] *Id.*

## IV. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that "Unopposed Motion for Reconsideration of Defendants' Rule 12(c) Motion for Partial Judgment on the Pleadings"[58] is **GRANTED.**

**IT IS FURTHER ORDERED** that the portion of this Court's June 24, 2013 Order[59] striking Plaintiff's request for punitive damages is **VACATED**.

**IT IS FURTHER ORDERED** that the portions of this Court's June 24, 2013 Order[60] striking Plaintiff's requests for lost future earning and loss of society damages remain unchanged.

**NEW ORLEANS, LOUISIANA**, this  21st day of October, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[58]  Rec. Doc. 33.

[59]  Rec. Doc. 17.

[60]  Rec. Doc. 17.

10